UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gary D., | |
| Plaintiff, | Case No. 2:25-cv-00996-MDC |
| vs. | |
| Frank Bisignano, Commissioner of Social Security, | **ORDER DENYING PLAINTIFF'S REQUESTED RELIEF (ECF NO. 10) AND AFFIRMING THE ADMINSTRATIVE LAW JUDGE** |
| Defendant. | |

This matter involves plaintiff Gary D.'s request to reverse and either order payment of benefits or a remand the Administrative Law Judge's ("ALJ") final decision denying his social security benefits. Plaintiff filed his brief (ECF No. 10) and defendant Commissioner of Social Security filed an opposition brief (ECF No. 14). The Court **DENIES** plaintiff's requested relief and **AFFIRMS** the ALJ's decision for the reasons below.

I.     BACKGROUND

This case arises under the Social Security Act, Title XVI. On May 9, 2022, Plaintiff filed applications for disability insurance benefits, and supplemental security income alleging disability commencing March 2, 2022. *See* Administrative Record ("AR") at 235-275; *ECF No. 10* at 7. The Commissioner denied plaintiff's claim by initial determination on December 21, 2022. AR 122-127. Plaintiff sought reconsideration of that determination on January 9, 2023 (AR 129-130), which the Commissioner denied on October 10, 2023 (AR 135-150). Plaintiff requested a *de novo* hearing before an Administrative Law Judge on November 17, 2023. AR 152-153. The appointed ALJ conducted a hearing on May 8, 2024 (AR 43-65) and issued an unfavorable decision on June 14, 2024, concluding that plaintiff was not disabled (AR 14-32).

Plaintiff requested review of the ALJ decision by the Appeals Council on July 5, 2024 (AR 232-234). On April 11, 2025, the council denied plaintiffs request (AR 1-6) and stating, "we have denied your request for review . . . the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case." AR 1; *see* 42 U.S.C. § 405(h). Per 42 U.S.C. § 1383(c), plaintiff seeks judicial review of the Commissioner's final decision two grounds. First, plaintiff claims that the ALJ improperly rejected his subjective symptom testimony. Second, plaintiff claims that the ALJ's decision regarding past relevant work was erroneous because the ALJ used the 15-year look back period to determine past relevant work but should have instead used the amended 5-year look back period.

## II.  DISCUSSION

### A.  Standard of Review

The Court has jurisdiction to review the final decision of the Commissioner for substantial evidence and error of law. 42 U.S.C. § 1383(c). The Fifth Amendment prohibits the government from depriving persons of property without the due process of law. *U.S. Const. amend. V*. Social Security plaintiffs have a constitutionally protected property interest in Social Security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (*quoting* 42 U.S.C. § 405(g)). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a

conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (defining what a mere scintilla of evidence is).

The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (citation omitted); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**B.     The Social Security Five-Step Sequential Inquiry**

Under the Social Security Act, "disability" is the inability to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant to Social Security benefits is disabled if his physical or mental impairment(s) are so severe that he could not do his previous work or any other substantially gainful work existing in the national economy when considering his age, education, and work experience. *See* 42 U.S.C. § 1382c(a)(3)(B). The Social Security Commissioner has a five-step process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). The claimant has the burden of proof for steps one through four and if the claimant can satisfy the burden for each step, the burden shifts to the Commissioner for step five. *Ford v. Saul*, 950 F.3d 1141, 1148-1149 (9th Cir. 2020). The steps are followed in order and if the claimant is found not disabled at any step, the inquiry ends.

In the first step, the claimant must establish that he does not engage in "substantial gainful activity." *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the Commissioner considers whether the claimant has an impairment or combination of impairments are "severe" and significantly

limit the claimant's physical or mental ability to do basic work activities. §§ 20 C.F.R. §§ 404.1520(a)(4)(ii)&(c), 416.920(a)(4)(ii)&(c). In the third step, the Commissioner determines whether the claimant's impairments meet or are the equivalent of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 which are presumably sufficient to preclude gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii)&(d), 404.1525(a), 416.920(a)(4)(iii)&(d), and 416.925(a). If the claimant's impairment meets or equals one of the listed impairments, and is of sufficient duration, he is conclusively presumed disabled. §§ 404.1520(a)(4)(iii)& (d), 416.920(a)(4)(iii)& (d). If the claimant's impairment is severe but does not meet or equal one of the listed impairments, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), (f), 416.920(a)(4)(iv), (e), (f). As discussed below for this matter, past relevant work is work that the claimant performed in the last 15 years that lasted long enough for him to learn to do it and was substantial gainful activity. 20 C.F.R. §§ 404.1565(a), 416.920(a). In making this determination, the Commissioner assesses the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work previously performed. *See* §§ 404.1565(a), 416.920(a); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). RFC is what the claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545, 416.945. In determining the RFC, the Commissioner must assess all evidence, including the claimant's and others' descriptions of the limitations and medical reports, to determine what capacity he has for work. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

The claimant can return to previous work if he can perform the "actual functional demands and job duties of a particular past relevant job," or "[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (internal quotation marks and citation omitted). If the claimant can

still do past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see also Berry*, 622 F.3d at 1231.

If the claimant cannot perform past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work available in the national economy. 20 C.F.R. §§ 404.1520(e), 416.920(e). This means "work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528 (9th Cir. 2014). The Commissioner must also consider the claimant's RFC, age, education, and past work experience to determine whether he can do other work. *Yuckert*, 482 U.S. at 141-42. The Commissioner may meet this burden either through the testimony of a Vocational Expert or by reference to the Grids. *Tackett v. Apfel*, 180 F.3d 1094, 1100-01 (9th Cir. 1999).

If the Commissioner establishes at step five that the claimant can do other work which exists in the national economy, then he is found to be not disabled. 20 C.F.R. §§ 404.1566(b), 416.966(b). Conversely, if the Commissioner determines the claimant unable to adjust to any other work, then he is found disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

### C.   The ALJ Properly Rejected Plaintiff's Subjective Symptom Testimony

Plaintiff's issue concerns the fourth step in the sequential analysis.  Here, the ALJ found that plaintiff can still perform past relevant work, which plaintiff performed in the last 15 years that lasted long enough for him to learn to do it and was substantial gainful activity. AR 26. In considering this step, the ALJ rejected plaintiff's subjective symptom testimony. Plaintiff argues that reversal and remand is required because ALJ did not identify specific, clear and convincing reasons for rejecting plaintiff's testimony about the severity of his symptoms.  The Court is not persuaded by plaintiff's claim of error and finds the ALJ sufficiently identified specific, clear and convincing reasons for rejecting plaintiff's testimony.

//

5

###### i.    Legal Standards

Social Security regulations prohibit granting disability benefits based solely on a claimant's subjective complaints. 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled"). "An ALJ is not required to believe every allegation of disabling [symptoms], or else disability benefits would be available for the asking, a result plainly contrary to the Social Security Act." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (cleaned up). Thus, where the claimant has provided objective medical evidence of an impairment that could reasonably produce the alleged symptoms, the ALJ evaluates the alleged intensity and persistence of the symptoms by assessing their consistency with (1) the objective medical evidence and (2) the other evidence in the record. *See* 20 C.F.R. § 404.1529(c)(2)-(4); *Social Security Ruling (SSR) 16-3p*, 2017 WL 5180304; *see also Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) ("First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.")

A claimant is "not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (emphasis omitted) (citation omitted). A complaint need not produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id.* (citation omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (citation omitted); *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) ("specific, clear and convincing" are required to reject subjective testimony about the severity of symptoms). While the "clear and convincing standard is the most demanding required in Social Security cases" (*Garrison*, 759 F.3d at 1015), ALJ meets such standard by "showing" his or her work. *Smartt*, 53 F.4th at 499. An

ALJ may show her work by identifying specific testimony of the plaintiff and explain what evidence undermines that testimony. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (citations omitted). The standard for reviewing the ALJ's analysis "isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499

### ii. Analysis

Here, the ALJ did not find evidence of plaintiff malingering and ALJ found that Plaintiff suffered from severe impairments. AR 19. Thus, the issue raised by plaintiff is whether the ALJ offered specific, clear and convincing reasons for rejecting his subjective testimony, which the Court finds the ALJ did. The ALJ identified specific testimony of the plaintiff and explained the medical evidence undermining that testimony clearly enough to convince this Court.

The ALJ identified specific testimony by plaintiff. Among other things, the ALJ stated that plaintiff testified:

- His military back injury in now quite severe and "takes his back out, he is humped over, he cannot walk, and his legs are frozen. He said that this continued for years and years,
- He said that his injury is episodic.
- He said he cannot lift anything or work out.
- He said he used to walk a lot, but he cannot walk anymore.
- He said that when his back goes out, he sometimes lies down for 2-3 weeks or months and it fades away.
- He said that he gets flares up 1-2 times a year, down from 3-4 times a year.
- He said his pain is in the lower back and that it travels down the legs through the hips to the ankles.
- He said his pain is constant.
- He said that any movement makes his pain worse.
- He said that he lies down for 18 hours a day.
- He said that he can sit for 1-2 hours at a time.
- He said he can walk for 10 minutes before needing to rest for 3-5 minutes.
- He said he can pick up one bag of groceries.
- He said he can stand for 10-15 minutes at one time.
- He said he has difficulty bending down to tie his shoes.

AR 22-23.

The ALJ rejected plaintiff's testimony, summarizing that his "alleged level of limitation is not consistent with the medical evidence showing, for example, full motor strength, negative straight-leg-raising tests, and normal gait…. His subjective complaints are also inconsistent with his conservative treatment…[and] He declined physical therapy and injections." AR 23. The ALJ then offered a meaningful discussion of such medical evidence and treatment.  The ALJ discussed the medical records and findings by medical professionals,  Drs. Snead, Kamal, Ribeiro, Pirone and Mai, which undermined plaintiff's subjective testimony. Among the ALJ's developed discussion of those medical records and findings, she identified that plaintiff:

- can perform light work and "occasionally climb ramps/stairs, stoop, kneel, crouch, and crawl" had "no gross abnormalities; no tenderness to palpation elicited;
- full active range of motion in all planes;
- sensation intact to light touch in the lower limbs;
- normal motor in his upper and lower extremities
- did not have deformity or swelling of any joint;
- has a bilateral hip rotation without terminal pain;
- did not express tenderness or pain when his back was palpitated
- has normal gait and pace
- was able to sit comfortably without shifting in the chair;
- was able to stand up from a sitting position and sit up from the supine position without difficulty
- straight leg raise test was negative bilaterally, seated and supine
- was able to hop
- can bend forward approximately 30 degrees and squat approximately 20 degrees

AR 23-25

The ALJ identified, discussed and elaborated sufficient medical evidence to show her work and be convincing. "[T]he ALJ is not required to discuss every piece of evidence in the record when reaching his conclusions[.]" *M.A.G. by the Through Basso v. Kijakzi*, No. 2:23-cv-01595-EJY, 2024 WL 1695114, at *5 (D. Nev. April 18, 2024) (citation omitted). Therefore, the ALJ does not need to "draft dissertations when denying benefits." *Lambert*, 980 F.3d at 1277. "Contradiction with the medical

record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Moreover, the ALJ also identified other evidence from plaintiff contradicting his subjective evidence (AR 22) and found that plaintiff refused injections, and physical therapy, and opted for over-the-counter and prescription anti-inflammatories (AR 23). In rejecting a claimant's subjective symptom testimony, the ALJ may consider and weigh against claimant a failure to seek treatment. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) ("[I]f a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated") (internal citations omitted). Accordingly, the Court finds the ALJ met the "clear and convincing standard" in this matter.

### D. ALJ's Decision Regarding Past Relevant Work Was Correct Because The Amended 5-Year Look Back Period Did Not Apply To Plaintiff's Claim

Plaintiff claims that the ALJ's decision regarding past relevant work was erroneous because the ALJ used the 15-year look back period to determine past relevant work but should have instead used the amended 5-year look back period.  This issue also arises under step four in the sequential inquiry and concerns the applicable time period the ALJ may look back and examine the claimant's "past relevant work."  Prior to June 22, 2024, the regulation defining "past relevant work," 20 C.F.R. § 404.1560(b)(1), provided that the Commissioner (ALJ) could examine a claimant's last 15-years of work experience to determine whether claimant could still perform "past relevant work." The Social Security Administration subsequently promulgated a final rule reducing the relevant work period from 15 years to 5 years. *Intermediate Improvement to the Disability Adjudication Process, Including How We Consider Past Work*, 89 Fed. Reg. 27,653 (Apr. 18, 2024). The 5-year look back rule became effective on June 22, 2024, and applied "to all newly filed and pending claims beginning on June 22, 2024." *Intermediate Improvement to the Disability Adjudication Process, Including How We Consider Past*

*Work; Deferral of Effective Date*, 89 Fed. Reg. 48,138 (June 5, 2024). The ruling that included a policy interpretation of the new rule which states that the Social Security Administration "expect[s] that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions." *SSR 24-2p*, 89 Fed. Reg. 48,479, 48,479 n.1 (June 6, 2024).

The ALJ issued her written decision on June 14, 2024, before the effective date of the new rule, the Appeal Council did not deny plaintiff's request for review until April 11, 2025, after the new rule was triggered. Relying on *Bass v. Soc. Sec. Admin.*, plaintiff argues the adjudication of his claim did not become final until the Appeal Council's April 11, 2025, denial and thus, was "pending" as of June 22, 2024, when the new 5-year rule became effective. *ECF No. 10* (citing *Bass v. Soc. Sec. Admin* 872 F.2d 832, 833 (9th Cir. 1989) ("The decision made following the hearing does not become the final decision of the Secretary until the claimant requests review by the appeals council, and the appeals council either grants or denies review.")). Plaintiff's reliance on *Bass* is misplaced.

*Bass* addressed the finality of a Commissioner's decision for the purposes of establishing exhaustion of administrative remedies to quality for judicial review under 42 U.S.C. § 405(g), and not the adjudication date of a claim:

> A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction….
>
> Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim. To obtain a hearing, the claimant must (1) present a claim to the Secretary and obtain an initial determination…; (2) seek reconsideration…; and (3) after reconsideration, request a hearing before an administrative law judge…. The decision made following the hearing does not become the final decision of the Secretary until the claimant requests review by the appeals council, and the appeals council either grants or denies review….
>
> Appellant has failed to request a reconsideration, a hearing before an administrative law judge, or review by the appeals council. Accordingly,

the district court did not err in dismissing his complaint for lack of subject matter jurisdiction.

*Bass*, 872 F.2d at 833 (internal citations omitted); *see also* 20 C.F.R. § 404.981 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.").

More recently, the Ninth Circuit specifically addressed the relevant issue here in *Obrien v. Bisignano* when it examined the look back period under 404.1560(b)(1) and announced that, after Appeals Council denies review, the relevant "adjudication" date is the date of the ALJ's decision. *Id.*, 142 F.4th 687, 702 (9th Cir. 2025) ("Here, because the Appeals Council denied review, the relevant 'adjudication' is the ALJ's decision."); *see also Beatty v. Bisignano*, No. 24-2882, 2025 WL 1639232, at *2 (9th Cir. June 10, 2025) ("Beatty argues that we should apply the Social Security Administration's new definition of past relevant work. While the agency has amended the regulation… that regulation only went into effect on June 22, 2024—long after the ALJ decided Beatty's claim."); *Benson v. Dudek*, No. 24-4647, 2025 WL 1404946, at *2 (9th Cir. May 15, 2025) (declining to apply the 5-year rule change retroactively to ALJ adjudication made before June 22, 2024; recognizing that the ALJ's decision is final adjudication of the claim that later became effective when the administrative appeals process was exhausted); *Evans v. Chater*, No. 95-35510, 1996 WL 422830, at *1 (9th Cir. July 26, 1996) ("The Appeals Council found no basis to change the ALJ's decision and that determination therefore became the final decision of the Commissioner."); *Christopher D. v. Kijakazi*, No. 2:23-CV-01287-MDC, 2024 WL 3738629, at *1 (D. Nev. August 8, 2024) ("the Appeals Council declined to disturb the decision of the ALJ, making the ALJ's determination, the Commissioner's final decision."); *Chris C. v. SSA Comm'r,* No. 25-cv-04134-TSH, 2025 WL 3771614, at *3-4 (N.D. Cal. December 31, 2025) (following *Obrien* and rejecting claimant's argument that the new 5-year look back rule should apply because the Appeals Council did not deny his request to review the ALJ's April 23, 2024 decision, until March 14, 2025).

11

Therefore, the ALJ did not commit the alleged error because the 15-year look back period applied to plaintiff's claim.

**III.    CONCLUSION & ORDER**

For the foregoing reasons, the Court finds that the ALJ stated specific, clear and convincing reasons for rejecting plaintiff's subjective symptom testimony and correctly applied the 15-year look back period to plaintiff's claim.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's requested relief in her Brief (ECF No. 10) **DENIED**.

2. Commissioner's Brief (ECF No. 14) requesting to affirm is **GRANTED**.

3. The Clerk of Court is directed to enter final judgment **AFFIRMING** the decision of the Administrative Law Judge.

4. The Clerk of Court shall **CLOSE** this case.


DATED: July 2, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

12